IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO.: |
| | : | 2:18-CR-00011-RWS-JCF |
| WINSTON WADE TURNER | : | |

## ORDER and REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion To Suppress Cell Site Location Evidence.   (Doc. 21).   For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **DENIED**.

## Procedural and Factual Background

An Indictment filed April 24, 2018 charges Defendant with five counts of mail fraud in violation of 18 U.S.C. § 1341 and three counts of wire fraud in violation of 18 U.S.C. § 1343.  (Doc. 1).  Defendant moved to suppress evidence seized from his residence without a warrant (Doc. 14) and any statements made to law enforcement officers (Doc. 13), but on July 5, 2018 Defendant withdrew those motions and the case was certified ready for trial (Doc. 19).  On July 24, 2018, Defendant moved to vacate the order certifying the case ready for trial based on the United States Supreme Court's recent decision in *Carpenter v. United States*, 18 S. Ct. 2206 (2018), in which the Court held that cell site location information is protected by the Fourth Amendment and generally requires a warrant for its disclosure.  (Doc. 22).

1

Defendant asserted that it appeared that the Government intended to use cellular-site location information (CSLI) obtained by law enforcement officers from cellular service providers without a warrant.  (*Id.* at 2). Based on the *Carpenter* decision, Defendant requested the Court rescind its Order declaring the case ready for trial so that Defendant could move to suppress evidence of CSLI.  (*Id.* at 2).  Defendant also filed a motion to suppress evidence of the CSLI.  (Doc. 21).  The Court decertified the case ready for trial, and the undersigned scheduled a hearing on Defendant's motion to suppress for October 24, 2018.  The parties then agreed that the motion could be decided on briefs, so the Court issued a briefing schedule.  (*See* October 22, 2018 minute entries).  The Government submitted a response brief (Doc. 24), but Defendant did not reply. With briefing complete, the undersigned now considers the merits of Defendant's motion.

**Discussion**

In December 2017, the Government obtained two court orders from United States Magistrate Judge Alan J. Baverman pursuant to the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq*. (SCA), directing two carriers (Verizon Communications and AT&T) to disclose records and information, including CSLI, concerning Defendant's cell phone number.  (Doc. 24 at 2; Docs. 24-1 and 24-2). The SCA provides that the Government may obtain a court order requiring a cellular provider to disclose subscriber information based on "specific and articulable facts

showing that there are reasonable grounds to believe that . . . the records or other

information sought[] are relevant and material to an ongoing criminal investigation."

18 U.S.C. § 2703(c)(1)(B), (d).  Judge Baverman found that the Government met the

standards set forth in the SCA in issuing the court orders in this case.  (*See* Doc. 24-

1 at 2; Doc. 24-2 at 2).

Relying on *Carpenter*, Defendant argues that the CSLI provided to the

Government must be suppressed because it was obtained without a search warrant

in violation of the Fourth Amendment.[1]  (Doc. 21 at 2).  The Supreme Court issued

its decision in *Carpenter* on June 22, 2018, after the court orders were issued in this

case.  In *Carpenter*, the Court held that CSLI is protected by the Fourth Amendment

and that the "the Government must generally obtain a warrant supported by probable

cause before acquiring such records."  138 S. Ct. at 2220-21.  The Government does

not argue that the warrantless production of the CSLI in this case does not violate

the Fourth Amendment.  (*See* Doc. 24).  Instead, it contends that evidence of CSLI

obtained pursuant to court orders need not be suppressed because the agents who

obtained that information relied in good faith on the orders directing disclosure of

---

[1] The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV.  "The 'ultimate touchstone of the Fourth Amendment is reasonableness.' " *United States v. Walker*, 799 F.3d 1361, 1363 (11th Cir. 2015) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)).

the CSLI.  (Doc. 24 at 3).  The undersigned agrees that the good faith exception to the exclusionary rule set out in *United States v. Leon*, 468 U.S. 897 (1984) applies in this case.

In *Leon*, the Supreme Court modified the exclusionary rule to allow prosecutors to use evidence "obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause."  468 U.S. at 900.  Although this case does not involve reliance on a search warrant, "[t]he Supreme Court has flexibly applied the good-faith exception to situations beyond law enforcement's reliance on a defective warrant issued by a neutral magistrate."  *Donaldson v. United States*, No. CV115-078, 2017 U.S. Dist. LEXIS 102283, at *22 (S.D. Ga. June 30, 2017) (citing *Davis v. United States*, 564 U.S. 229 (2011), *Herring v. United States*, 555 U.S. 135 (2009), and *Arizona v. Evans*, 514 u.S. 1 (1995)), *adopted by* 2017 U.S. Dist. LEXIS 168082 (S.D. Ga. Oct. 11, 2017).

In *Joyner v. United States*, 899 F.3d 1199 (11th Cir. 2018), the Eleventh Circuit recently considered the application of *Leon* in a case involving CSLI obtained by court order prior to the *Carpenter* decision and found that suppression of such evidence was not required because the *Leon* exception applied.  In that case, the government obtained CSLI in June 2015 pursuant to SCA court orders without a warrant, but the district court denied the defendants' motions to suppress that

4

evidence. *Id.* at 1204-05. The Eleventh Circuit found that the district court did not commit reversible error in denying the motions. *Id.* at 1205. The court acknowledged that in *Carpenter* the Supreme Court held that a warrant is required to obtain CSLI, but it found that that fact "does not affect the applicability of the *Leon* good faith exception in this case." *Id.* The court noted that on May 5, 2015—before the SCA orders were issued in that case—it had decided *United States v. Davis*, 785 F.3d 498, 518 (11th Cir. 2015) (en banc), in which the court "held that a § 2703(d) SCA order allowing government access to a cellular provider's records 'comports with applicable Fourth Amendment principles and is not constitutionally unreasonable.' " 899 F.3d at 1204 (quoting *Davis*, 785 F.3d at 518). Thus, when the government obtained SCLI pursuant to the June 2015 court orders, "that warrantless procedure was, under this Court's precedent, within the bounds of the Fourth Amendment." *Joyner*, 899 F.3d at 1205. The court found that the government acted in good faith in reliance on controlling Eleventh Circuit authority when it obtained the CSLI in June 2015, and therefore the *Leon* good faith exception to the exclusionary rule applied. *Id.*

Similarly, in this case when the Government obtained CSLI in December 2017 pursuant to SCA court orders, it did so "under this Court's precedent, within the bounds of the Fourth Amendment," *Joyner*, 899 F.3d at 1205, and before the Supreme Court held otherwise in *Carpenter*. Accordingly, the *Leon* good faith

5

exception to the exclusionary rule applies and it is therefore **RECOMMENDED**

that Defendant's motion to suppress evidence of cell-site location information (Doc.

21) be **DENIED**.

### Summary

For the reasons discussed above, it is **RECOMMENDED** that Defendant's

Motion To Suppress Cell Site Location Evidence (Doc. 21) be **DENIED**.

**IT IS ORDERED** that, subject to a ruling by the District Judge on any

objections to orders or recommendations of the undersigned Magistrate Judge, this

case is **certified ready for trial.**

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 20th

day of December, 2018.

> /s/ J. Clay Fuller
> J. Clay Fuller
> United States Magistrate Judge